[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2009
THOMAS K. KAHN
CLERK

No. 08-14803
Non-Argument Calendar

_____

D. C. Docket No. 08-20174-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLAVIO MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 29, 2009)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Flavio Martinez appeals his 46-month sentence imposed for possession of

cocaine with intent to distribute and conspiracy to possess cocaine with intent to distribute, in violation of 18 U.S.C. §§ 846 and 841(a)(1).

On appeal, Martinez argues that he should have received a four-level reduction in offense level for being a minimal participant, rather than the two-level reduction he received for being a minor participant. He contends that, while others in the conspiracy negotiated the sale and transported the cocaine, he only provided a bank account for deposit of travel expenses and traveled with a fellow conspirator from Oklahoma to Florida to carry out the sale. He further argues that he was unaware of the full scope and structure of the enterprise.

As the determination of a defendant's role in a crime is highly factual, we review the district court's decision for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc); *see also United States v. Alston*, 895 F.2d 1362, 1369 (11th Cir. 1990) ("The requirement in Guidelines § 3B1.2 that a judge determine whether the defendant was a 'minor' or 'minimal' participant is a factual determination and therefore subject to the clearly erroneous standard."). Guidelines § 3B1.2 provides that, with regard to a defendant's role in the offense and the offense level, "[i]f the defendant was a minimal participant in any criminal activity, decrease by 4 levels," and "[i]f the defendant was a minor participant in any criminal activity, decrease by 2 levels." U.S. SENTENCING GUIDELINES

MANUAL § 3B1.2.  The district court here applied the latter rule, but Martinez contends that it should have applied the former.  As to the minimal participant adjustment, the commentary to Guidelines § 3B1.2 explains that

> [i]t is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group.  Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant.  It is intended that the downward adjustment for a minimal participant will be used infrequently.

U.S. SENTENCING GUIDELINES MANUAL § 3B1.2 cmt. n. 4.  The determination is "heavily dependent upon the facts of the particular case" and a court must weigh the totality of the circumstances and is not bound by the "defendant's bare assertion. . . ."  *Id.* at n. 3(C).  "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence."  *De Varon*, 175 F.3d at 939.

We have set forth two principles to guide courts in making role determinations.  First, the district court must measure the defendant's actual role against his relevant conduct, specifically the conduct for which the defendant is being held accountable at sentencing.  *Id.* at 934.  Second, if the record will allow it, the court may measure the defendant's conduct against the conduct of the other participants in the scheme.  *Id.*

3

Upon review of the record and the arguments presented in the parties' briefs, we discern no reversible error. Given that Martinez agreed with the factual assertions in the PSI and with the Government at his plea hearing, specifically, that (1) he knew he was participating in the sale of cocaine, (2) he provided assistance in form of a bank account, and (3) he served as a travel companion to his co-conspirator from Oklahoma to the site of the sale in Florida, sufficient evidence exists to show that Martinez participated in the scheme in a meaningful way and was aware of the scope and structure of the enterprise. Moreover, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." *De Varon*, 175 F.3d at 944 . Therefore, the district court did not commit clear error by denying him a four-level reduction for being a minimal participant. Accordingly, we affirm the decision of the district court.

**AFFIRMED.**